IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE JOSEPH HAYES,

        Petitioner,         No. 2-07-cv-2755-WBS-JFM (HC)

    vs.

DEBERA DEXTER, et al.,

        Respondents.        FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 1999, petitioner was convicted by a jury on the following: first degree burglary (Cal. Penal Code § 459 (count one)); oral copulation (Cal. Penal Code § 288a, subd. (c) (count four)); robbery (Cal. Penal Code § 211 (count six)); forcible digital penetration (Cal. Penal Code § 289, subd. (a) (count three)); and two counts of rape (Cal. Penal Code § 261, subd. (a)(2) (counts two and five)). (Lodgment (hereinafter LD) 27 at 11-20.) With the addition of enhancements, petitioner was sentenced to an aggregate term of 65 years to life, to be served consecutively to a life term with a minimum parole eligibility of fifty years. (LD7 at 5.)

        In the petition now pending before this court, petitioner seeks habeas relief on the grounds that (1) he did not forfeit his claims raised herein by failing to object in the trial court to his full-term consecutive and upper-term sentence, which he alleges violates his Fifth, Sixth and Fourteenth Amendment rights; (2) he was denied effective assistance of counsel when his trial attorney failed to object to the sentence imposed; and (3) his sentence violates the Eighth

1

1  Amendment. (Pet. at 1-2.[1]) Upon careful consideration of the record and the applicable law, the
2  undersigned recommends that petitioner's application for habeas corpus relief be denied.

### PROCEDURAL BACKGROUND

Following his conviction on March 31, 1999 for first degree burglary, oral copulation, robbery, forcible digital penetration, and two counts of rape, petitioner was first sentenced on May 14, 1999 under the three-strikes-law to an aggregate term of 175 years to life, which was to be served consecutively to a ten-year determinate term. (LD1 at 1-2.) Petitioner's first two strikes were a prior rape conviction and a prior out-of-state robbery conviction, which the trial judge found qualified as a strike under California law. (Id.)

Petitioner appealed that sentence, asserting that the trial court relied on insufficient evidence to find that the out-of-state conviction qualified as a strike. (LD1 at 1-2.) On July 1, 2001 and upon concession by the Attorney General that sufficient evidence did not exist for the trial court's finding that petitioner suffered a third strike, the case was remanded for retrial to determine whether there was sufficient evidence for the out-of-state conviction to qualify as a strike under California law. (Id.) Petitioner also asserted instructional and evidentiary error in the appeal. (Id.) Other than the remand on the issue of the out-of-state conviction, the judgment was affirmed in all other respects. (Id.)

On July 26, 2002, petitioner sought review in the California Supreme Court. (LD2.) On September 18, 2002, the California Supreme Court granted review, but on April 5, 2004, review was dismissed. (See LD 3 and 4.)

On remand, the Attorney General did not seek to retry the out-of-state robbery conviction. (See LD 7 at 1-2.) Thus, on September 24, 2004, petitioner was re-sentenced to an aggregate term of sixty-five years, which was to run consecutively to one term of life with a minimum parole eligibility of fifty years. (Id. at 5.)

---

[1] Petitioner attaches his arguments to the petition. Accordingly, references herein will be to the attached brief.

2

On August 15, 2006, the California appellate court denied petitioner's second direct appeal, in which he challenged the sentence imposed following remand.[2] (LD13.) Specifically, petitioner challenged the trial court's imposition of fully consecutive sentences on counts three, four and five; the trial court's imposition of fully consecutive and upper terms based on factors not presented to the jury and in violation of Blakely v. Washington, 542 U.S. 296 (2004); and argued that his sentence constitutes cruel and unusual punishment. (See LD 13, App. A.)

On September 21, 2006, petitioner appealed the appellate court's August 15, 2006 order to the California Supreme Court. (LD13.)

On November 1, 2006, review was denied by the California Supreme Court. (LD14.)

On January 8, 2007, petitioner filed a petition for writ of certiorari in the United States Supreme Court. (LD15.) Therein, petitioner challenged the California appellate court's August 15, 2006 order in light of Cunningham v. California, 549 U.S. 270 (2007).

/////

---

[2] Also during the pendency of his second direct appeal, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (See LD8.) There, petitioner argued that insufficient evidence supported the trial court's finding of a strike based on his prior rape conviction and that his counsel was ineffective for failing to object to the use of the prior conviction as a strike.

On May 9, 2005, the petition for writ of habeas corpus was denied. (LD8.) The court found that petitioner failed to raise the first issue at sentencing and failed to show how counsel should have objected or what evidence could have been investigated in defense of the prior strike conviction.

On June 13, 2005, petitioner filed an appeal of the denial of his petition for writ of habeas corpus with the California appellate court. (LD9.)

On June 16, 2005, the petition for writ of habeas corpus was summarily denied by the state appellate court. (LD10.)

On July 7, 2005, petitioner filed an appeal of the denial of his petition for writ of habeas corpus with the California Supreme Court. (LD11.)

On May 17, 2006, the petition for writ of habeas corpus was denied by the California Supreme Court. (LD12.)

On March 19, 2007, the petition for writ of certiorari was granted. (LD16.) The judgement of the California Court of Appeal was vacated and the case was remanded for further consideration in light of Cunningham.

On March 26, 2007, the state appellate court vacated its August 15, 2006 order, reinstated the appeal, and invited further briefing addressing Cunningham. (LD17.)

On August 21, 2007, the state appellate court filed its opinion. (See LD18.) Therein, the appellate court again addressed petitioner's arguments that (1) the trial court erred in imposing fully consecutive sentences on counts three, four, and five; (2) the imposition of fully consecutive and upper terms based on factors not presented to the jury violated his Sixth Amendment rights as interpreted in Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007); (3) his counsel was ineffective for not objecting to the upper term consecutive sentences; and (4) his sentence violated the Eighth Amendment. The state appellate court upheld the sentence.

On October 3, 2007, petitioner filed a petition for review in the California Supreme Court. (LD19.) On November 14, 2007, the petition was denied. (LD20.)

On December 20, 2007, petitioner filed a petition for writ of habeas corpus in this court. On April 3, 2008, respondent filed an answer. On April 21, 2008, petitioner filed a traverse.

On August 31, 2009, petitioner filed another petition for writ of habeas corpus in this court in case number 2:09-cv-2433-WBS-JFM. Under a related case order, that action was related to the present action.[3]

## FACTUAL BACKGROUND

The following facts are obtained from the August 21, 2007 opinion of the California Court of Appeal, Third Appellate District, in which petitioner's sentence was upheld:

---

[3] In that case, petitioner brings a claim related to his underlying conviction. In this case, petitioner brings various claims related to his sentencing.

4

On remand, the trial court sentenced defendant as follows:

"I do not find that there are any circumstances that I have found in the probation report that show circumstances in mitigation. I do note that there are criteria under Rule 425 that affect and will impact on the consecutive or concurrent sentence. That is, Rule 425(a)(1), the crimes and their objectives in Counts Two, Three, Four, Five and Six are predominantly independent of each other.

"And the Rule 425(a)(2), the applicability in this regard is as follows: The crimes in the above counts involved separate acts of violence.

"I note Rule 426, violent sex crimes, that it says the crimes not sentenced under Penal Code 669 as life terms could be subject to full term consecutive sentencing for qualified violent sex crimes concerning the same victim on the same occasion pursuant to Section 667.6c of the Penal Code.

"This was a particularly violent crime. It was a particularly heinous crime that obviously had great impact upon the victim. I agree with the probation department that the defendant is not eligible for probation, and the sections that I cited certainly are– but I want to clearly say even if the defendant were eligible for probation, I would not give probation in this case because of the nature and seriousness of the offenses that have convictions and findings by the jury.

"Allegations pursuant to 667.61(d)(4) of the Penal Code, which mandates a life sentence per victim during a single occasion, were found to be true as to Counts Two through Five, and I am sentencing him as if his prior conviction pursuant to Penal Code Section 667(b)(1), that sentence, that conviction was found to be true by the Court in a separate hearing and I confirm that ruling.

"Regarding Count Two, the violation of 667.61(d)(4) of the Penal Code allegation, that was found to be true and, therefore, the defendant is sentenced to state prison for life with a minimum eligibility of 25 years pursuant to 667.61(a) of the Penal Code, and that sentence is now doubled pursuant to Penal Code Sections 667(e)(1) and 1170.12(c)(1), which results in a life term with a minimum parole eligibility of 50 years. This is to run consecutive to all other counts because I find this to be a separate act of violence and predominantly independent of all other counts.

"In regards to Counts Three, Four and Five, the defendant is sentenced to the full high term of eight years state prison as to each count under Penal Code Section 667.6(c), as these crimes were violent sex crimes and I sentence under that section due to the vicious treatment of the victim and the fact that the defendant did have time to reflect on these offenses.

"The high term of eight years is going to be imposed by the Court because of consideration of the defendant's history of violent conduct which indicates to the Court that he is indeed a serious danger to society, and it is applicable to each count.

/////

5

> "I further find that Section 667(e)(1) and 1170.12(c)(1) of the Penal Code mandate that the sentence for each of these counts is to be doubled, which results in a sentence of sixteen years as to each of the aforementioned counts.
>
> "Further, I find that Penal Code 667.6(c) mandates that the defendant serve a full, separate and consecutive term applicable to each count. Total aggregate sentence imposed by these counts by this Court is forty-eight years.
>
> "Count Six is sentenced pursuant to Penal Code Section 1170.1, and I, therefore, impose that the defendant be sentenced to state prison for the high term of six years and that this sentence is now doubled to twelve years, pursuant to Penal Code Sections 667(e)(1) and 1170.12(c)(1). This high term is imposed because the defendant has served a prior prison term, the Nevada conviction, and his history of violent conduct. I impose it on the prior prison term alone and the serious nature of that, and I find that he is by reason of such prior conviction a serious danger to society.
>
> "This sentence is to be served consecutively as the crime and its objective are predominantly independent of the other counts.
>
> "As to Count One, there is not going to be a sentence because it is the basis for the special circumstance in 667.61(d)(4) Penal Code allegation which specifies and imposed a life term.
>
> "The defendant is to serve an additional five years state prison term pursuant to Section 667(a) of the Penal Code. The aggregate term, therefore, is sixty-five years consecutive to one term of life with a minimum parole eligibility of fifty years."

(LD18 at 2.)

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the

6

governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

II.   Petitioner's Claims

    A.   Consecutive and Upper Term Sentences

Petitioner first argues that, even though his trial counsel failed to object during the sentencing hearing to the sentence imposed, he did not forfeit his claims that his sentence violates the Fifth, Sixth and Fourteenth Amendments because the trial judge, rather than the jury, made factual findings beyond petitioner's prior convictions in imposing consecutive and upper term sentences. Alternatively, petitioner argues that his trial counsel was ineffective for failing to object.

Finding that petitioner forfeited this claim, the state appellate court held:

> [Petitioner] also argues that, "[e]ven if this court were to construe that the court exercised its discretion under subdivision [(]c), the imposition of full-term consecutive sentencing violates [petitioner]'s Sixth and Fourteenth Amendment

7

rights to a jury determination and proof beyond a reasonable doubt" as set forth in *Blakely*. He further argues that the imposition of the upper term sentences based on aggravating factors found by the court also violates the rule in *Blakely* and *Cunningham*.

The People respond that [petitioner] forfeited these contentions because he failed to raise them in the trial court. We agree with the People.

On June 24, 2004, the United States Supreme Court issues its decision in *Blakely*, which held that a state trial court's imposition of a sentence that exceeded the statutory maximum of the standard range for the charged offense on the basis of additional factual findings made by the court violated the defendant's Sixth Amendment right to trial by jury. (*Blakely*, *supra*, 542 U.S. at pp. 303-305 [159 L.Ed.2d at pp. 413-414].)

On July 28, 2004, the California Supreme Court granted review of *People v. Black*, (2005) 35 Cal.4th 1238 (*Black I*), a case which involves the application of *Blakely* to consecutive upper term sentencing. [Petitioner]'s resentencing hearing occurred on October 15, 2004.

On June 20, 2005, the California Supreme Court decided *Black I*, and rejected a *Blakely* claim similar to [petitioner]'s, concluding "that the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence or consecutive terms under California law does not implicate a defendant's Sixth Amendment right to a jury trial." (*Black I*, *supra*, 35 Cal.4th at p. 1244.)

On January 22, 2007, the United States Supreme Court held in *Cunningham*, that under *Blakely* and other decisions, California's determinate sentencing law does "violate[ ] a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments" to the extent the law allows a judge to impose an upper term sentence "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (*Cunningham v. California*, *supra*, 549 U.S. ---- [166 L.Ed.2d at p. 864].)

" ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method.... The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver.... Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." ' " *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Ccal.3d 180, 184-185, fn. 1... italics in *Doers*.) ' " The purpose of the [forfeiture] doctrine ... is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or voided and a fair trial had..." ' (*People v. Walker* (1991) 54 Cal.3d 1013, 1023....) ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before at tribunal having jurisdiction to determine it." [Citation.]' (*United States v. Olano* (1993) [507 U.S.

8

> 725, 731 [123 L.Ed.2d 508, 517, 113 S.Ct. 1770]].)" (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590, fn. omitted; see also *People v. Scott* (1994) 9 Cal.4th 331, 353 [concluding the "waiver doctrine" applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)
>
> Here, [petitioner] did not object at sentencing to the court's reliance on facts not found by a jury or admitted by him. We cannot say such an objection would have been futile since he was sentenced after *Blakely* and after the California Supreme Court had granted review in *Black I* but before the court issued its decision in *Black I*.
>
> By failing to interpose a *Blakely* objection or a jury trial objection (on which both *Blakely* and *Cunningham* are based) at his resentencing- approximately 4 months after *Blakely* was decided and approximately 3 months after review was granted in *Black I and where no decision in Black I had been issued*-[petitioner] forfeited his *Blakely* and *Cunningham* claims on appeal. Although we nevertheless have discretion to reach the merits of his claim (*People v. Marchand* (2002) 98 Cal.App.4th 1056, 1061), we decline to exercise our discretion here.

(LD18 at 5-6.)

As the United States Supreme Court has explained, in all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The state rule is only "adequate" if it is "firmly established and regularly followed." Id. (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)); Bennett v. Calderon, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-established and consistently applied"). The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000), cert. denied, 531 U.S. 918 (2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). Even if the state rule is independent and adequate, the claims may be heard if the petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider

9

the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50.

Ordinarily, "cause" to excuse a default exists if the petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel may be cause to excuse a default only if the procedural default was the result of an independent constitutional violation. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000) ("Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."). Put another way, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, [466 U.S. 668 (1984), the federal courts] discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Murray, 477 U.S. at 488.

Here, trial counsel failed to object before the trial court to the sentence challenged herein. That failure precludes review of this claim. Petitioner, however, argues that trial counsel's failure to object constitutes ineffective assistance of counsel. The state appellate court addressed this sub-claim as follows:

> Perhaps anticipating that his *Blakely* claims were forfeited, [petitioner] contends that his defense attorney was ineffective for failing to object to the court's imposition of the upper term consecutive sentence on the grounds that he proffers now. Disagreeing with [petitioner], we first lay out the standard applicable to evaluating a claim of ineffective assistance of counsel and then apply that standard to the court's decision to impose consecutive sentences and the upper terms.
>
> A
>
> *Standard of Review*
>
> The burden of proving a claim of ineffective assistance of counsel is on the defendant. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215-218.) To meet this burden, the defendant must show two things. First, he must show that his counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show that counsel's deficient representation subjected the defense to prejudice, i.e., that there is a reasonable probability that but for counsel's failings, the result

10

would have been more favorable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 [80 L.ed.2d 674, 693-694, 698]; *People v. Bell* (1989) 49 Cal.3d 502, 546.)

B

*Consecutive Sentencing*

As stated in part I of the Discussion, *ante*, section 667.6, subdivision (c) grants the court discretion to impose a "full, separate, and consecutive term" of imprisonment for a conviction of one of the specific sex offenses, "whether or not the crimes were committed during a single transaction." Therefore, if the predicate condition is met, namely that the defendant was convicted of one of the specified sex offenses, the decision to impose a consecutive sentence under section 667.6, subdivision (c) is discretionary and is guided by the same criteria used to impose a consecutive sentence under section 1170.1, subdivision (a). (Cal. Rules of Court, rule 4.426(b); *People v. Belmontes*, *supra*, 34 Cal.3d at p. 347.) Like sections 669 and 1170.1, section 667.6, subdivision (c) does not state a presumption favoring concurrent or consecutive sentences. It is merely an alternate scheme for calculating the length of a consecutive sentence. Just as the court must state reasons for imposing a consecutive sentence under section 669 (Cal. Rules of Court, rule 4.406(b)(5), (6); *People v. Walker* (1978) 83 Cal.App.3d 619, 622), the court must state reasons for imposing a consecutive sentence under section 667.6, subdivision (c) (*Belmontes*, at pp. 347-348).

The requirement that the court state reasons for imposing a consecutive sentence does not alter the nature of the court's decision however. It remains a discretionary one. Because there is no presumption favoring concurrent sentences, it operates in the same manner as section 669. And as to consecutive sentences imposed under section 669, the California Supreme Court has recently "conclude[d] that defendant's constitutional right to jury trial was not violated by the trial court's imposition of consecutive sentences...." (*People v. Black* (2007) 41 Cal.4th 799, 823 (*Black II*).) It follows, then, that counsel was not ineffective for failing to object to the consecutive sentences on *Blakely* grounds.

C

*Upper Terms*

At resentencing, the prosecutor asked the court to "specifically ... focus on what Blakely ... says we can look at without triggering any kind of jury trial, which would be his prior convictions. And in this case, he has two prior prison terms, which we are not sentencing him under in this case. And he also has this Nevada state robbery conviction, and it is our position that his prior conviction alone is sufficient alone for the Court to give him an upper term on all the counts that I have requested."

Defense counsel responded that "If the court is going to consider only the recidivist factors for the upper term, I would point out that the prior conviction for the rape in 1980 has already been used to enhance his sentence as a five-year prior and doubled the requisite sentence, so I don't think it would be appropriate to also

11

use it for the upper term, and I would ask the Court not to do that."

The prosecutor then added that defendant's "prior convictions by themselves, I think, are sufficient to aggravate this easily to an upper term based on a serious offense up in Nevada of robbery and a Penal Code 290(a) violation as well as Penal Code Section 484 violation in which he was on probation for at the time of the current offense. [¶] In addition-well, as to the robbery count in Nevada, that one also resulted in a prison term in that case. So I think by themselves that will easily allow the Court to reach an upper term decision on this case."

The court then turned to sentencing defendant and had the following colloquy with defense counsel about complying with *Blakely*.

> "THE COURT: I note in regards to Blakely, that on page 13 of the probation report that there are circumstances in aggravation that I believe under the current state of the affairs of the law of Blakely and its progeny that will come forward that there are aspects of things listed by the probation report on page[s] 13 and 14 that cannot be and will not be used by this court in aggravating or enhancing the sentence.
>
> "The only factors that I will be using on page 13 are Rule 421(b)(2), the defendant's prior convictions as an adult are numerous and of increasing serousness; Rule 421(b)(3), the defendant has served one prior prison term, the Nevada case that we mentioned earlier on the record; and 421(b)(4), that the defendant was on informal probation for felony violation of Section 290(a) of the Penal Code and misdemeanor violation of Section 484 of the Penal Code when the crimes were committed.
>
> "[DEFENSE COUNSEL]: May I add something, Judge.
>
> "THE COURT: Yes.
>
> "[DEFENSE COUNSEL]: I hate to quibble, but the law is in a state of flux with regard to 421(b)(2), the defendant's prior convictions as an adult are numerous and of increasing seriousness. I think that the Court can certainly consider the existence of the prior conviction, but I think the subjective conclusion that they are numerous and of increasing seriousness–
>
> "THE COURT: I agree with you. It is a serious crime, but it's certainly not numerous. In fact, I will strike that aspect from the probation report and by interlineation just cross that out. I agree with you, [defense counsel], and I appreciate you bringing it to the Court's attention." FN3.

> FN3. The probation report, as revised by the court, showed the court was relying on the following aggravating factors: (1) "defendant's prior convictions as an adult are of

12

increasing seriousness"; (2) "defendant has served one prior prison term[ ]"; and (3) "defendant was on informal probation for felony violation of Section 290(a) of the Penal

/////

Code and misdemeanor violation of Section 484 of the Penal Code when the crimes were committed."

When the court imposed the upper term on counts three, four, and five it stated the following: "The high term ... is going to be imposed by the Court because of consideration of the defendant's history of violent conduct which indicates to this Court that he is indeed a serious danger to society, and it is applicable to each count."

When the court imposed the upper term on count six it stated the following: "This high term is imposed because the defendant has served a prior prison term, one prior prison term, the Nevada conviction, and his history of violent conduct. I impose it on the prior prison alone and the serious nature of that, and I find that he is by reason of such prior conviction a serious danger to society."

Applying the Sixth and Fourteenth Amendments to the United States Constitution, the United States Supreme Court held in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] that "[o]ther than the fact of a *prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490 [147 L.Ed.2d at p. 455], italics added.) Under this rule, the "statutory maximum" is the maximum sentence the trial court may impose based solely on the facts reflected in the jury verdict or admitted by the defendant. (*Blakely*, *supra*, 542 U.S. at p. 303 [159 L.Ed.2d at p. 413].)

In *Black I*, the California Supreme Court rejected a claim of *Blakely* error, concluding "that the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence...under California law does not implicate a defendant's Sixth Amendment right to a jury trial." (*Black I*, *supra*, 35 Cal.4th at p. 1244.)

In *Cunningham v. California*, *supra*, 549 U.S. — [166 L.Ed.2d856], however, the United States Supreme Court held that under *Blakely* and other decisions, California's determinate sentencing law *does* "violate[ ] a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments" to the extent the law allows a judge to impose an upper term sentence "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (*Cunnigham*, at p. 856 [166 L.Ed.2d at p. 864].)

On remand from the United States Supreme Court for reconsideration in light of *Cunningham*, the California Supreme Court recently held that "imposition of the upper term does not infringe upon the defendant's constitutional right to a jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." (*Black II*, *supra*, 41 Cal.4th at p. 816.) The "prior conviction" exception "include[s] not only the fact that a prior conviction occurred, but also other related issues that may be determined by

13

examining the records of the prior convictions." (*Id.* at p. 22.) It also found that the prior convictions need not be found by proof beyond a reasonable doubt." (*Id.* at pp. 23-24, fn. 9.)

Here, according to the probation report as modified by the court, [petitioner] had one Nevada robbery conviction from 1982, a rape conviction from 1988, a misdemeanor theft conviction from 1997, and failure to register as a sex offender conviction also from 1997. It is clear from the resentencing transcript, the court was intent on imposing the upper term based only on the prior conviction exception. As *Black II* states, this was constitutionally permissible. As such, to the extent counsel did not object on the grounds proffered on appeal, he was not ineffective.

(LD18 at 5-9.)

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Williams v. Taylor, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

### 1. Consecutive Sentences

The United States Supreme Court recently answered in the negative the question of whether the Sixth Amendment, as construed in Apprendi, and Blakely, requires that facts necessary to impose consecutive sentences be found by the jury or admitted by the defendant. Oregon v. Ice, --- U.S. ----, 129 S.Ct. 711 (2009). The Supreme Court held that the Sixth Amendment does not inhibit States from assigning to judges, rather than juries, the findings of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses. Id. As petitioner is not constitutionally entitled to have a jury find facts necessary to the imposition of a consecutive sentence, his challenge to the state court's imposition of consecutive sentences does not merit habeas relief. Based thereon, trial counsel's failure to object to the imposition of consecutive sentences does not constitute ineffective assistance of counsel.

### 2. Upper Term Sentences

Furthermore, the Ninth Circuit has affirmed that a single aggravating factor is sufficient to authorize an upper term sentence under California law. See Butler v. Curry, 528 F.3d 624, 641-42 (9th Cir. 2008). Therefore, if at least one of the aggravating factors on which a judge relies in sentencing a defendant to an upper term sentence is established in a manner consistent with the Sixth Amendment, the sentence does not violate the Constitution. Butler, 528 F.3d at 643. Here, the probation report relied on the by trial judge listed a 1982 conviction for robbery (two counts), use of a deadly weapon in commission of a crime (two counts), and grand larceny; and a 1988 forcible rape conviction. Thus, because the trial judge could have legally imposed the upper terms solely for the existence of petitioner's prior convictions,

petitioner's aggravated sentence is not unconstitutional and trial counsel's failure to object did not constitute ineffective assistance of counsel.

The state court's rejection of petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. This claim should be denied.

B.    Cruel and/or Unusual Punishment

In his third claim, petitioner argues that his sentence of 115 years to life violates the Eighth Amendment's prohibition against cruel and unusual punishment.

The California Court of Appeal considered this claim:

> Defendant argues his sentence of 115 years to life constitutes cruel and unusual punishment under the Eighth Amendment to the federal Constitution and article I, section 17 of the California Constitution. Defendant narrows his challenge to a claim that a sentence in excess of life imprisonment "is irrational and by its sheer enormity shocks the conscience." Defendant complains that he cannot possibly serve the imposed sentence. We recognize the sentence imposed is substantially longer than his possible life span.
>
> However, California courts repeatedly upheld such lengthy prison sentences. (See, e.g., *People v. Wallace* (1993) 14 Cal.App.4th 651, 666-667 [upholding sentence of 283 years and 8 months]; *People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 531 [upholding sentence of 129 years].) Defendant relies upon concurring opinions for the proposition that a term of imprisonment in excess of life is excessive, unnecessary, and uncivilized under federal and state constitutional law. (*Furman v. Georgia* (1972) 408 U.S. 238, 279, 331 [33 L.Ed.2d 346, 372, 402-403] conc. opns. of Brenna, J. & Marshall, J.); *People v. DeLoza* (1998) 18 Cal.4th 585, 601 (conc. opn. of Mosk, J.).) As we stated when confronted with the same argument in *People v. Byrd* (2001) 89 Cal.App.4th 1373, 1383, " 'no opinion has value as a precedent on points as to which there is no areement of a majority of the court. [Citations.]' (*People v. Ceballos* (1974) 12 Cal.3d 470, 483....) Because no other justice on our Supreme Court joined in Justice Mosks's concurring opinion [in *People v. DeLoza*, *supra*] it has no precedential value." Accordingly, there is no authority for the defendant's argument.

(LD18 at 8.)

The United States Supreme Court has stated that in addressing an Eighth Amendment challenge to a prison sentence, the "only relevant clearly established law amenable to the [AEDPA] framework is the gross disproportionality principle, the precise contours of which are unclear and applicable only in the 'exceedingly rare' and 'extreme' case." <u>Lockyer v.</u>

16

1  Andrade, 538 U.S. 63, 73 (2003) (citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991);
2  Solem v. Helm, 463 U.S. 277, 290 (1983); and Rummel v. Estelle, 445 U.S. 263, 272 (1980)).  In
3  Andrade, the Supreme Court concluded that two consecutive twenty-five years to life sentences
4  with the possibility of parole, imposed in that case under California's Three Strikes Law
5  following two felony convictions for petty theft with a prior, did not amount to cruel and unusual
6  punishment.  538 U.S. at 77; see also Ewing v. California, 538 U.S. 11 (2003) (holding that a
7  sentence of twenty-five years to life imposed for felony grand theft under California's Three
8  Strikes law did not violate the Eighth Amendment).

9  Following the decision in Andrade, the United States Court of Appeals for the
10  Ninth Circuit has held that a sentence of twenty-five years to life in prison for a third shoplifting
11  offense, a "wobbler" under state law[4], constituted cruel and unusual punishment.  Ramirez v.
12  Castro, 365 F.3d 755 (9th Cir. 2004).  In so holding, the court in Ramirez relied upon the limited
13  and non-violent nature of the petitioner's prior criminal history and the fact that the petitioner's
14  only prior period of incarceration had been a single one-year jail sentence.  Id. at 768-69.
15  Thereafter, in Rios v. Garcia, 390 F.3d 1082 (9th Cir. 2004), the Ninth Circuit distinguished the
16  holding in Ramirez from the situation it confronted, finding that the petitioner in Rios had a
17  "lengthy criminal history," had "been incarcerated several times," and that the prior strikes used
18  to enhance his sentence had "involved the threat of violence."  Id. at 1086.

19  This court finds that the sentence imposed upon petitioner in this case does not
20  fall within the type of "exceedingly rare" circumstance that would support a finding that his
21  sentence violates the Eighth Amendment.  In connection with the state court judgment,
22  the sentence of which he attacks in this habeas petition, petitioner was convicted of first degree
23  burglary, oral copulation, robbery, forcible digital penetration, and two counts of rape.  In view
24  of the decisions noted above, the court cannot conclude that petitioner's sentence is grossly

---

[4] A "wobbler" is an offense that can be punished as either a misdemeanor or a felony under applicable state law.  See Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir. 2004).

17

1  disproportionate to those crimes.  See Harmelin, 501 U.S. at 1004-05 (life imprisonment without
2  possibility of parole for possession of 24 ounces of cocaine raises no inference of gross
3  disproportionality).  Moreover, petitioner has an extensive criminal record, which includes the
4  following prior convictions: (1) on January 8, 1982 of robbery, use of a deadly weapon, and
5  grand larceny; (2) on June 7, 1988 of forcible rape; (3) on August 22, 1997 of petty theft and
6  false identification to a police officer; and (4) on September 6, 1997 for failure to register as a
7  sex offender.  (See LD 27 at 28-30.)  Under these circumstances, the state court's rejection of
8  petitioner's Eighth Amendment claim was neither contrary to, nor an unreasonable application of
9  clearly established federal law.  Therefore, petitioner is not entitled to relief on his Eighth
10 Amendment claim.

11         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
12 a writ of habeas corpus be denied.

13         These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
18 objections shall be filed and served within fourteen days after service of the objections.  The
19 parties are advised that failure to file objections within the specified time may waive the right to
20 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: August 2, 2010.

UNITED STATES MAGISTRATE JUDGE

25 /014;haye2755.157